[Cite as *State v. Rice*, 2017-Ohio-7695.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| MITCHELL RICE | : | Case No. 17-CA-2 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Municipal Court,
Case No.15-CRB-1502


JUDGMENT:          Affirmed


DATE OF JUDGMENT:          September 19, 2017


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

TRICIA M. MOORE                      KEVIN J. GALL
40 West Main Street                    73 North Sixth Street
Newark, OH  43055                     Newark, OH  43055

*Wise, Earle, J.*

{¶ 1}  Defendant-Appellant, Mitchell Rice, appeals his December 8, 2016 conviction in the Municipal Court of Licking County, Ohio.  Plaintiff-Appellee is the state of Ohio.

### FACTS AND PROCEDURAL HISTORY

{¶ 2}   On August 14, 2016, appellant sold his PlayStation 4 to a buyer he found through Craigslist.  Upon leaving the buyer's residence, appellant was stopped by Heath Police Patrolman Bruce Ramage for an outstanding arrest warrant out of Muskingum County for child support.  A pat-down search of appellant's person revealed he was carrying two daggers (double-bladed knives), one on his belt and one on a chain around his neck underneath his sweatshirt.  Upon his arrest, a vehicle inventory search revealed a set of brass knuckles in the driver's side door pocket.  Appellant was charged with carrying a concealed weapon in violation of R.C. 2923.12.

{¶ 3}   A jury trial commenced on December 8, 2016.  The jury found appellant guilty as charged.  By judgment of conviction filed same date, the trial court sentenced appellant to ninety days in jail, suspended in lieu of one year of community control.

{¶ 4}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶ 5}  "THE  TRIAL  COURT  ERRED  TO  THE  PREJUDICE  OF  THE DEFENDANT-APPELLANT WHEN IT REFUSED TO SUBMIT HIS PROPOSED JURY INSTRUCTION REGARDING THE AFFIRMATIVE DEFENSE OF LAWFUL PURPOSE."

I

{¶ 6}   In his sole assignment of error, appellant claims the trial court erred in refusing to instruct the jury on the affirmative defense of lawful purpose.  We disagree.

{¶ 7}   The giving of jury instructions is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion.  *State v. Martens,* 90 Ohio App.3d 338, 629 N.E.2d 462 (3d Dist.1993).  In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).  Jury instructions must be reviewed as a whole. *State v. Coleman,* 37 Ohio St.3d 286, 525 N.E.2d 792 (1988).

{¶ 8}   Appellant requested the trial court instruct the jury on the affirmative defense of lawful purpose.  "The proper standard for determining in a criminal case whether a defendant has successfully raised an affirmative defense under R.C. 2901.05 is to inquire whether the defendant has introduced sufficient evidence, which, if believed, would raise a question in the minds of reasonable men concerning the existence of such issue."  *State v. Melchior,* 56 Ohio St.2d 15, 381 N.E.2d 15 (1978), paragraph one of the syllabus.   The proposed jury instruction on "lawful purpose," *Ohio Jury Instructions,* Section 523.12(9)(C)(1) (Rev. Jan. 23, 2011), was proffered into the record at 140-141 (Defendant's Exhibit A), and states the following:

> (C) LAWFUL PURPOSE. The defendant claims that at the time of
> the alleged offense he/she was not otherwise prohibited by law from having
> the weapon and

(1) the weapon was (carried) (kept ready at hand) by the defendant for defensive (purposes) (reasons), while he/she was (engaged in) (going to or from) his/her lawful (business) (occupation) which (business) (occupation) was (of such character) (necessarily carried on [in such manner] [at such time or place]) as to render the defendant particularly susceptible to criminal attack, such as would justify a prudent person in going armed.

{¶ 9}   In denying the request, the trial court stated (T. at 125):

Mr. Dalsanto, regarding jury instructions, the Court did notify counsel for both parties that it did not feel that the testimony warranted providing the affirmative defense instruction for the defense of lawful purpose, finding that the defendant specifically testified that he was not in fear for his safety while he was conducting the transaction on the day in question.  The Court finding specifically that the lawful purpose instruction requires that that condition or circumstances be present at the time of the alleged offense.

{¶ 10} Following argument on the issue, the trial court concluded, "I think the most pertinent portion of this defense, which is causing the Court to do that, is the language of the requirement that it has to be at the time of the alleged offense and the Court doesn't feel that there was sufficient testimony introduced by the defense to warrant the instruction."  T. at 126.

{¶ 11} In his appellate brief at 7-8, appellant argues the following:

There was no evidence that at the time of the alleged offense he was not otherwise prohibited by law from carrying the concealed weapons. Moreover, he would have been entirely justified in carrying the weapons found on his person. As Mr. Rice testified, at the time of the incident he was not "employed" in the typical sense, rather he was performing odd jobs and selling items on Craigslist or selling walls to help make ends meet and was doing this on a daily basis. On the date in question, Mr. Rice was selling a PlayStation 4 to another individual and traveled to the buyer's house to deliver the item. Mr. Rice further testified that selling items on Craigslist can be dangerous since he is oftentimes traveling to meet individuals whom he does not know and whom are aware that he may be carrying cash or valuable items on him.

Given this testimony, sufficient evidence was introduced at trial which, if believed, would raise a question in the minds of reasonable jurors concerning whether Mr. Rice was carrying the weapons for a lawful purpose.

{¶ 12} Patrolman Ramage testified during his encounter with appellant, he asked him if he was employed and appellant stated "he currently was not working anywhere." T. at 77. Patrolman Ramage also asked him if he had "any sort of reason to fear for his safety" and appellant replied "no." T. at 71. Appellant told the patrolman the daggers

were not weapons, but tools. *Id.* Appellant told the patrolman the brass knuckles were a belt buckle. T. at 78. Patrolman Ramage stated nothing about the brass knuckles looked like they could hold a belt. *Id.*

{¶ 13} Appellant testified and stated he collects and makes knives. T. at 92-93. Appellant stated at the time of the arrest, he was not employed. T. at 93. In order to makes ends meet, appellant bought and sold items on Craigslist. T. at 94-96. Appellant stated he used the daggers as tools (bottle opener, screwdriver, pry bar), not as weapons or for self-defense, although he admitted the daggers could be used for self-defense. T. at 99, 101-103, 107. He acknowledged buying and selling on Craigslist could be dangerous, "[g]oing into an unknown situation with somebody that knows you either have cash or something that they may want," but admitted he did not feel he was in any danger during the PlayStation 4 transaction. T. at 103, 115-116, 118, 120. When asked if he had "it at all for self-defense purpose," appellant stated, "[i]t could have been, yes." T. at 104. Appellant explained, "I wasn't using them, I didn't have [them] on me as the purpose to use them as a weapon. I've used them day to day, just various things that come along during the course of the day." T. at 107. He agreed the dagger around his neck was concealed and could have been used as a self-defense weapon if there was a need. T. at 107, 111.

{¶ 14} Appellant explained the brass knuckles were a belt buckle and a friend had asked him to fix them because a pin had broken off. T. at 105. Appellant never used them as a weapon and did not intend to use them as such. T. at 105-106.

{¶ 15} On cross-examination, appellant admitted the daggers could inflict death and the brass knuckles could be capable of killing somebody. T. at 111, 114, 117. He

stated when he delivered the PlayStation 4 to the buyer, he did not feel he was in any danger. T. at 115-116, 118, 120.

{¶ 16} In reviewing the testimony presented, we concur with the trial court's analysis that there was not sufficient testimony introduced by the defense to warrant the instruction on lawful purpose. At the time of the offense, appellant did not carry the subject items "for defensive (purposes) (reasons), while he/she was (engaged in) (going to or from) his/her lawful (business) (occupation) which (business) (occupation) was (of such character) (necessarily carried on [in such manner] [at such time or place]) as to render the defendant particularly susceptible to criminal attack, such as would justify a prudent person in going armed." Appellant testified he carried the items as tools and did not use them for defensive purposes, and he was not in fear of his safety during the sale of the PlayStation 4.

{¶ 17} Upon review, we find the trial court did not err in refusing to instruct the jury on the affirmative defense of lawful purpose.

{¶ 18} The sole assignment of error is denied.

{¶ 19} The judgment of the Municipal Court of Licking County, Ohio is hereby affirmed.

By Wise, Earle, J.

Hoffman, P.J. and

Baldwin, J. concur.